# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| DR. CHARLES GIGER, | ) | |
| | ) | |
| Plaintiff, | ) | No. 09 CV 4060 |
| v. | ) | |
| | ) | Judge Joan B. Gottschall |
| JAMES AHMANN et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION & ORDER

### I. BACKGROUND

The facts of this securities lawsuit were discussed more fully in this court's recent memorandum opinion and order denying defendants' motion to dismiss. *See Giger v. Ahmann*, No. 09 CV 4060, 2010 WL 2491025 (N.D. Ill. June 15, 2010). Briefly, plaintiff Dr. Charles Giger is a physician, and defendant James Ahmann, an investment advisor, was one of Giger's patients. In April or May 2006, Ahmann convinced Giger to make a loan of close to $1 million to a company that would purchase life settlements, an arrangement where the holder of a life insurance policy agrees to name an investor as the policy beneficiary in exchange for a lump sum payment. According to Giger's complaint, Ahmann made several representations about the investment: insurance policies would be purchased from reputable companies; the policies would meet specific criteria; the investment would be insured; and Giger would receive a high rate of return. *Id.* at *1.

In September 2007, Ahmann convinced Giger to make a second investment and provided similar assurances about the investment. *Id.* at *2. Pursuant to an agreement signed in connection with this second investment, Giger and Ahmann are currently taking

part in a FINRA arbitration over liability for alleged misrepresentations made in securing the second investment. The litigation in this court involves liability connected to the 2006 investment. Giger's complaint contains factual details about the events leading up to both investments as well as "alarming information" that Giger learned after September 2007 about the companies and individuals involved with the investments. (*See* Compl. at 4-18.)

## II. ANALYSIS

Ahmann filed a motion for a protective order to limit the scope of his upcoming deposition "to matters relevant to [Giger's] May 3, 2006 investment." (Doc. 52 at 1.) Ahmann argues that any representations made in connection with the second investment and any events occurring after May 2006 are not proper subjects for discovery in this case. Federal securities law provides a cause of action for losses caused by material misstatements or omissions. SEC Rule 10b-5, 17 C.F.R. § 240.10b-5. According to Ahmann, anything that Giger learned after May 2006 is not material to his purchase of securities on that date, and thus should not be subject to discovery. Further, Ahmann contends that Giger is seeking discovery for the purpose of circumventing FINRA procedures which do not generally permit depositions.

Federal Rule of Civil Procedure 26(b) establishes a liberal discovery standard. "Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b). Courts have construed the rule broadly to include information which may not be admissible at trial, and to encompass matter which

might only lead to other matter that would ultimately be relevant. *Chavez v. DaimlerChrysler Corp.*, 206 F.R.D. 615, 619 (S.D. Ind. 2002).

A party may seek a protective order under Rule 26(c)(1)(D) to limit the scope of discovery. "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

Ahmann offers the court little guidance on how to shape a discovery order. Ahmann asks for an order limiting discovery to "matters relevant to" the first investment. Of course, Rule 26(a) already limits the scope of the deposition to matters "relevant" to Giger's claim, which involves only the first investment. However, Ahmann goes on to suggest that any events occurring after May 2006 are not relevant to Giger's claim. Ahmann is mistaken.

It is true that, in making an investment decision in May 2006, Giger could not have relied on information he learned after that date.[1] However, this fact does not lead to the conclusion that every event occurring after May 2006 is irrelevant to Giger's claim. The Federal Rules define "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.[2]

---

[1] Contrary to Ahmann's argument, the reason these post-investment statements would fail to establish liability is not because the statements are necessarily immaterial. Rather, the problem is one of causation; Giger could not show that later misstatements caused his loss. *Roots Partnership v. Lands' End, Inc.*, 965 F.2d 1411, 1420 (7th Cir. 1992).

[2] Relevancy is not the same concept as materiality in federal securities law. A statement or omission is material under federal securities law if "there is a substantial likelihood that disclosure of the information would have been viewed by the reasonable investor to have significantly altered the total mix of information." *Searls v. Glasser*, 64 F.3d 1061, 1066 (7th Cir. 1995) (citing *Basic Inc. v. Levinson*, 485 U.S. 224, 231-32 (1988)).

The facts surrounding Giger's 2007 investment may be relevant, if for no other reason, because evidence that Ahmann misled Giger in 2007 makes it "more probable" that Ahmann misled Giger in 2006. The "alarming information" Giger learned about regulatory investigations occurring after September 2007 may also be relevant. Ahmann may have known about risks involved with the investment before May 2006; those same risks may have prompted later scrutiny from securities regulators.

Parties generally face a high burden in establishing the need for a protective order. This is especially true in the case of a deposition. "Since the notice for taking a deposition is not required to specify the subject matter of the examination, the need for protection usually cannot be determined before the examination begins." Charles Alan Wright et al., 8A Federal Practice & Procedure § 2037 at 169-71 (3d ed. 2010). Ahmann does not point to any statements by Giger that suggest the deposition will stray beyond the scope permitted by Rule 26. Ahmann also claims that Giger is using the deposition to circumvent the FINRA rules governing the arbitration. Giger denies this contention, and the court sees no reason to doubt Giger at this time. The discovery in this action is governed by the Federal Rules, not the FINRA rules. *A.G. Edwards & Sons, Inc. v. Marcolla*, No. 07-3260, 2007 WL 3037269, at *3 (C.D. Ill. Oct. 17, 2007). Ahmann has not met his burden to show that a protective order is warranted.

In the alternative, Ahmann asks that the deposition be stayed until after the arbitration hearing. Ahmann argues that, because the Federal Arbitration Act provides that the court shall stay the trial in a suit "brought . . . upon any issue referable to arbitration," 9 U.S.C. § 3, the court can stay the entire proceeding. According to Ahmann, the second investment is an "issue referable to arbitration," and, by requesting

4

discovery relating to that investment, the entire case becomes subject to stay. This is a strained reading of the statute. Giger's suit is "brought upon" his claim regarding the first investment. The fact that other issues are found to be relevant to that claim does not mean that the entire suit would then become subject to arbitration.

### III. CONCLUSION

Ahmann's motion is denied.


ENTER:


                      /s/
                JOAN B. GOTTSCHALL
                United States District Judge

DATED: August 17, 2010