28559.00BW00

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CHARLES GIGER, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 1:09-cv-04060 |
| v. ) | |
| ) | |
| JAMES AHMANN, et al., ) | |
| ) | Joan B. Gottschall |
| Defendants. ) | |

## MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF JAMES AHMANN'S PETITION TO COMPEL ARBITRATION

Defendant James Ahmann, by and through his attorneys, pursuant to 9 U.S.C. § 3, moves this Honorable Court for an order staying these proceedings pending resolution of Mr. Ahmann's Petition for Declaration Compelling Arbitration. In further support of his Motion, Mr. Ahmann states as follows:

1. Dr. Giger's complaint arises out of a series of transactions in or about April and May 2006, concerning purported securities offered by A & O Life Management, Ltd.

2. The undersigned counsel filed their appearances on or about May 10, 2010. After reviewing the Complaint and conducting the appropriate legal and factual inquiry required by Federal Rule of Civil Procedure 11, counsel determined that Mr. Ahmann possesses several meritorious defenses that previous counsel failed to raise and that they have a legal, fiduciary and ethical obligation to raise these defenses.[1]

3. According to Dr. Giger's complaint, on or about April 12, 2006, defendants Mr. Ahmann and Mr. Lange came to the Gigers' residence where Dr. Giger executed certain "Loan

---

[1] Mr. Ahmann expressly reserves his right to raise any and all other defenses not related to the arbitration agreements before the arbitration panel or this Court, should his Petition for Declaration Compelling Arbitration be denied.

Documents" for the purchase of three separate investments known as life settlements. (*See* Complaint ¶¶ 24-26 attached hereto as Exhibit A.)[2]

4.  The April 13, 2006 Line of Credit Loan Agreement between Charles C. Giger and Houston Tanglewood Partners, LLC in the original principal amount of $600,000 for the life settlement on the insurance policy of Stephen Server contains an arbitration agreement. Specifically, the Line of Credit Loan Agreement provides:

> The parties agree that, all claims, disputes, controversies, differences or other matters in question arising out of the relationship between Account Holder and Houston Tanglewood Partners LLC (and its officers, directors and/or employees), whether related to this agreement or otherwise shall be settled finally, completely and conclusively by arbitration in Houston, Harris County, Texas, in accordance with the Commercial Arbitration Rules of the American Arbitration Association (the "Rules"), by one or more arbitrators chosen in accordance with the Rules. Arbitration shall be initiated by written demand of the party seeking arbitration. A decision of the arbitrator or arbitrators shall be final, conclusive and binding on the parties and judgment may be entered thereon in the District Court of Harris County, Texas, to enforce such decision and the benefits thereof. Any arbitration held in accordance with this paragraph shall be private and confidential and no person shall be entitled to attend the hearings except for the arbitrator(s), the stenographer, if one is requested, each party, attorneys for each party and/or any representative designated by each party. The matters submitted for arbitration, the hearings and proceedings thereunder and the arbitration award shall be kept and maintained in strictest confidence and shall not be discussed, disclosed or communicated to any persons. On request of either party, the record of the proceeding shall be sealed and may not be disclosed except insofar, and only insofar, as may be necessary to enforce the award of the arbitrators and any judgment enforcing such award. The prevailing party shall be entitled to recover reasonable and necessary attorneys' fees and costs from the non-prevailing party.

(*See* Complaint, Ex. 4.)

5.  The Line of Credit Promissory Note and Security Agreement (collectively with the Line of Credit Loan Agreement, the "Loan Documents") for the "Server" life settlement include substantially identical arbitration provisions. (*See id.*) Dr. Giger alleges that he executed substantially identical Loan Documents for the investments backed by the so-called "Frater" and "Boseker" life settlements. (*See* Complaint ¶¶ 24-26, 30.)

---

[2] Because of the voluminous nature of the exhibits attached to Dr. Giger's Complaint, and which have previously been attached to Motions in this proceeding, Mr. Ahmann has only attached those exhibits to which he specifically makes reference in this Motion.

2

6. Pursuant to the above quoted arbitration agreement, Mr. Ahmann has made a written demand upon Dr. Giger that he dismiss this lawsuit and initiate an arbitration in Houston, Harris County, Texas, in accordance with the Commercial Arbitration Rules of the American Arbitration Association. (*See* 8/27/10 Letter from M. Bruck to D. Audley attached hereto as Exhibit B.)

7. Dr. Giger has refused Mr. Ahmann's demand for arbitration. (*See* 8/27/10 Email from D. Audley to M. Bruck attached hereto as Exhibit C.)

8. Section 4 of the Federal Arbitration Act, 9 U.S.C. § 4 (West 2009) (the "FAA"), provides that a party aggrieved by another's refusal to arbitrate may petition the district court for an order compelling arbitration. Specifically, section 4 provides:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, ***save for such agreement, would have jurisdiction under Title 28***, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing ***that such arbitration proceed in the manner provided for in such agreement. . . . The hearing and proceeding, under such agreement, shall be within the district in which the petition for an order directing such arbitration is filed***.

(Emphasis added).

9. Seventh Circuit precedent interpreting section 4 of the FAA reflects the majority view that where the contract containing the arbitration agreement also contains a forum selection clause, only the district court sitting in the selected forum has jurisdiction to compel arbitration under section 4. *See, e.g., Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Lauer*, 49 F.3d 323, 327-28 (7th Cir. 1995) (citing *Snyder v. Smith*, 736 F.2d 409, 419-20 (7th Cir. 1984) (reversing order compelling arbitration and vacating order confirming arbitration award entered in the Northern District of Illinois where the agreement contained Houston, Texas forum selection clause) *overruled on other grounds by Felzen v. Andreas*, 134 F.3d 873 (7th Cir. 1998)).

10. Thus, the proper venue for Mr. Ahmann's Petition for Declaration Compelling Arbitration is the United States District Court for the Southern District of Texas. Mr. Ahmann has filed a petition in that court. (*See* Petition for Declaration Compelling Arbitration (without

exhibits) attached hereto as Exhibit D.)

11. Section 3 of the FAA governs stays of proceedings where an issue therein is referable to arbitration. 9 U.S.C. § 3 (West 2009). This Court has previously commented on the apparent statutory disconnect between section 3 and section 4 of the FAA. *See Arnold v. Goldstar Fin. Sys., Inc.*, No. 01-C-7694, 2002 WL 1941546, *7 (N.D. Ill. 2002) (Gottschall, J.) (citing *Roe v. Gray*, 165 F. Supp. 2d 1164, 1174 (D. Colo. 2001)). A literal reading of the statute would result in the absurd scenario where this Court does not have the authority to resolve Mr. Ahmann's Petition under section 4, yet must be "satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement," before staying these proceedings under section 3.

12. While the court in *Roe v. Gray* found that it could not stay the proceeding pending resolution of the petition to compel under section 3 of the FAA, it resolved the apparent statutory conflict by staying the proceeding under general principles of comity. 165 F. Supp. 2d at 1174 (citing *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180 (1952)). While this was the correct result, as a matter of statutory construction, the reasoning ignores the structure and purpose of the FAA.

13. The *Roe* court's literal reading of section 3 would result in the multiplication of proceedings, and conflicts with the overall Congressional purpose of the FAA to provide an alternative forum for resolving legal disputes without the time and expense of full-blown litigation. *See Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 588 (2008). *See also Arnold*, 2002 WL 1941546, at *7 (quoting Fed. R. Civ. P. 1: the rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action."). As this Court recognized, based on a literal reading, the parties would effectively end up litigating the issue of arbitrability twice, with the possibility of the courts reaching inconsistent conclusions. *See id.* ("Requiring the parties to re-brief the issue of arbitrability in another court would be a waste of judicial and attorney resources.").

14. The literal reading of the FAA results in an absurd interpretation of sections 3 and 4. *See, e.g., Zbaraz, M.D. v. Madigan*, 572 F.3d 370, 387 (7th Cir. 2009) (quoting *Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16, 20 (1995) ("It is an elementary rule of construction that the act cannot be held to destroy itself." (internal citation omitted)). It is unlikely that Congress intended a court to be required to make a finding of arbitrability before it could enter a stay under section 3, while also requiring another court to make a potentially inconsistent finding of arbitrability before compelling arbitration under section 4. At worst, this creates the exact type of race to the courthouse that the Seventh Circuit found section 4 is intended to prevent. *See MLPFS v. Lauer*, 49 F.3d at 328 (quoting *Snyder*, 736 F.2d 409, 419-20).

15. Under section 3 of the FAA and principles of judicial comity, this proceeding should be stayed pending the resolution of Mr. Ahmann's Petition to Compel Arbitration.

For the foregoing reasons, James Ahmann respectfully requests that this Honorable Court stay these proceedings pending the resolution of his Petition to Compel Arbitration.

By: /s/ Anders J. Watson
One of the Attorneys for Defendant
JAMES AHMANN

Michael C. Bruck
Anders J. Watson
WILLIAMS MONTGOMERY & JOHN LTD.
233 South Wacker Drive, Suite 6100
Chicago, Illinois 60606
312-443-3200
Fax: 312-630-8500