# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| JAMES AHMANN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. _____ |
| ) | |
| CHARLES C. GIGER, GARY LANGE, and ) | |
| J.W. COLE FINANCIAL, INC. ) | |
| ) | |
| Defendants. ) | |
| ) | |

<u>**PETITION FOR DECLARATION COMPELLING ARBITRATION**</u>

James Ahmann, by his attorneys, pursuant to section 4 of the Federal Arbitration Act ("FAA") brings this Petition for Declaration Compelling Arbitration pursuant to the written arbitration agreements executed by defendant Charles C. Giger in connection with Dr. Giger's purchase of purported securities offered by A & O Resource Management, Ltd. For his Petition, Mr. Ahmann states as follows:

<u>**The Parties**</u>

1.      James Ahmann, a natural person, is a resident of Bloomingdale, DuPage County, Illinois. Mr. Ahmann holds FINRA and state securities licenses Series 6, 63 and 65, and is a licensed Illinois insurance producer. In addition to these professional licenses, at all times relevant hereto, Mr. Ahmann held the following professional certifications: Certified Estate Planner®, Certified Financial Divorce Practitioner®. At all times relevant hereto, Mr. Ahmann was a registered representative affiliated with defendant J.W. Cole Financial, Inc. ("J.W. Cole").

2.      Charles C. Giger, a natural person, is a resident of Elmhurst, DuPage County, Illinois. Dr. Giger is a physician licensed to practice medicine in Illinois. On information and belief, Dr. Giger was at one time a member of the Finance Committee for Elmhurst Memorial Hospital where his responsibilities included oversight of the Hospital's finances, including investments.

3.      Gary Lange, a natural person, is a resident of Elgin, Illinois.  At all times relevant hereto, Mr. Lange was a licensed Illinois insurance producer.

4.      J.W. Cole is a registered broker-dealer with its principal place of business in Tampa, Hillsborough County, Florida.

5.      Mr. Ahmann does not seek any substantive relief against Mr. Lange and J.W. Cole, who are nominal defendants joined pursuant to Federal Rule of Civil Procedure 19(a)(1)(B).

**Jurisdiction**

6.      The claims for which Mr. Ahmann seeks to compel arbitration arise under section 10(b) of the Securities Exchange Act of 1934.  This Court has subject-matter jurisdiction over Mr. Ahmann's Petition pursuant to 28 U.S.C. § 1331 and the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*

7.      Dr. Giger has submitted himself to the personal jurisdiction of this Court, because the contract(s) containing the arbitration agreement(s) contains a forum selection clause which provides that all claims, disputes, and controversies will be resolved by binding arbitration in Houston, Harris County, Texas.

8.      Based on the forum selection clause, venue is proper in the Southern District of Texas under 9 U.S.C. § 4.

**Statement of Facts**

9.      On July 7, 2009, Dr. Giger filed a four count complaint in the Northern District of Illinois against Mr. Ahmann, Mr. Lange, J.W. Cole, Adley Abdulwahab (a/k/a Adley Wahab), A & O Resource Management, Ltd. and A & O Life Fund, LLC alleging violations of section 10(b) of the Securities Exchange Act of 1934 and SEC Rule 10b-5 (Count I); common law fraud (Count II); violations of the Illinois Securities Law of 1953 (Count III); and violations of the Illinois Consumer Fraud and Deceptive Business Practices Act (Count IV).  A true and correct copy of Dr. Giger's complaint, including exhibits ("Compl."), is attached hereto and incorporated herein as Petitioner's Exhibit ("Pet'r Ex.") A.

2

10.     The proceedings against A & O Resource Management, Ltd. and A & O Life Fund, LLC have been stayed pursuant to section 362(a)(1) of the Bankruptcy Code. On information and belief, Mr. Abdulwahab (collectively with A & O Resource Management, Ltd. and A & O Life Fund, LLC, the "A & O Defendants") has never received service of process. While the A & O Defendants have never received service of process, they remain named defendants in the Illinois litigation.

11.     Dr. Giger's complaint arises out of a series of transactions in or about April and May 2006, concerning life settlements offered by A & O Life Management, Ltd. In general, a life settlement involves purchasing a life insurance policy from the insured at a discount from the face value, but for more than the cash surrender value offered by the insurer. The rate of return is the difference between the death benefit and the purchase price, and the amounts necessary to keep the policy in-force until the insured's death.

12.     The A & O life settlements were "bonded" meaning that Provident Capital Indemnity, Ltd. ("PCI") agreed to pay the life insurance policy death benefit if the insured did not pass away within a period of time determined by actuarial analyses performed by life expectancy underwriting companies hired by A & O and PCI. (*See* Pet'r Ex. A, Compl. ¶¶ 19, 22, Compl. Ex. 2.)

13.     According to Dr. Giger's complaint, on or about April 12, 2006, Mr. Ahmann and Mr. Lange came to the Gigers' residence where Dr. Giger executed certain documents for the purchase of the "Server," "Frater," and "Boseker" life settlements. (*See* Compl. ¶¶ 24-26, 30). Dr. Giger attached a true and correct copy of the April 13, 2006 Line of Credit Loan Agreement, Line of Credit Promissory Note and Security Agreement (collectively, the "Loan Documents") for the life settlement on the insurance policy of Stephen Server as Exhibit 4 to his complaint which are expressly incorporated herein.

14.     According to the Line of Credit Loan Agreement between Charles C. Giger and Houston Tanglewood Partners, LLC in the original principal amount of $600,000 for the Server life settlement:

3

The parties agree that, all claims, disputes, controversies, differences or other matters in question arising out of the relationship between Account Holder and Houston Tanglewood Partners LLC (and its officers, directors and/or employees), whether related to this agreement or otherwise shall be settled finally, completely and conclusively by arbitration in Houston, Harris County, Texas, in accordance with the Commercial Arbitration Rules of the American Arbitration Association (the "Rules"), by one or more arbitrators chosen in accordance with the Rules. Arbitration shall be initiated by written demand of the party seeking arbitration. A decision of the arbitrator or arbitrators shall be final, conclusive and binding on the parties and judgment may be entered thereon in the District Court of Harris County, Texas, to enforce such decision and the benefits thereof. Any arbitration held in accordance with this paragraph shall be private and confidential and no person shall be entitled to attend the hearings except for the arbitrator(s), the stenographer, if one is requested, each party, attorneys for each party and/or any representative designated by each party. The matters submitted for arbitration, the hearings and proceedings thereunder and the arbitration award shall be kept and maintained in strictest confidence and shall not be discussed, disclosed or communicated to any persons. On request of either party, the record of the proceeding shall be sealed and may not be disclosed except insofar, and only insofar, as may be necessary to enforce the award of the arbitrators and any judgment enforcing such award. The prevailing party shall be entitled to recover reasonable and necessary attorneys' fees and costs from the non-prevailing party.

(*See* Compl. Ex. 4.)

15.     The Line of Credit Promissory Note and Security Agreement contain substantially identical arbitration provisions.

16.     Dr. Giger alleges that he executed substantially identical Loan Documents for the Frater and Boseker life settlements. (*See* Compl. ¶¶ 24-26, 30.) A true and correct copy of the Line of Credit Loan Agreements for the Edith Frater and Edward and Yvonne Boseker life settlements dated May 3, 2006, are attached hereto and incorporated herein as Petitioner's Exhibit B.

17.     According to section 4 of the FAA:

A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement would have jurisdiction under Title 28, in a civil action . . . of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

9 U.S.C. § 4 (West 2009).

18.    The April 13 and May 3, 2006 Loan Documents are countersigned by Chris Allmendinger, who, on information and belief, was at all times relevant hereto, one of three partners in A & O Life Fund, LP.  On information and belief, at all times relevant hereto, A & O Life Fund, LP was the managing member of both A & O Resource Management, Ltd. and also Houston Tanglewood Partners, LLC.

19.    In fact, Dr. Giger alleges that the A & O Defendants are alter egos of Houston Tanglewood Partners, LLC.  Specifically, Dr. Giger alleges that "A & O, by and through a company called Houston Tanglewood Partners, LLC, would actually purchase the policy using funds deposited in the escrow maintained at Bayou City."  (*See* Compl. ¶ 27.)

20.    Moreover, Dr. Giger received correspondence from Adley Wahab, "National Accounts Director," which includes alleged misrepresentations upon which Dr. Giger's claim is based.   The correspondence is printed on letterhead bearing both the A & O Resource Management, Ltd. and Houston Tanglewood Partners, LLC logos, but does not indicate on behalf of which entity Mr. Wahab is writing.  A true and correct copy of the May 31, 2006 Letter was attached as Exhibit 5 to Dr. Giger's complaint and is expressly incorporated herein.

21.    Taking the allegations contained in Dr. Giger's complaint as true, his claims rely on alleged misrepresentations and omissions of material facts concerning the Loan Documents containing the arbitration agreements and alleged statements by signatories related to those agreements.

22.    The arbitration agreements broadly cover "all claims, disputes, controversies, differences or other matters in question arising out of the relationship between Account Holder and Houston Tanglewood Partners LLC. . . ."  Taking the allegations contained in Dr. Giger's complaint as true, the claims raised therein are referable to arbitration pursuant to the written arbitration agreements contained in the April 13 and May 3, 2006 Loan Documents.

23.    On information and belief, at all times relevant hereto, Mr. Lange was an agent of A & O Resource Management, Ltd.

5

24. On April 12, 2006, Dr. Giger executed an A & O Life Settlement Qualified Money Agreement which Mr. Lange signed on behalf of A & O as "Agent of Record." A true and correct copy of the April 12, 2006 A & O Life Settlement Qualified Money Agreement was attached as Exhibit 6 to Dr. Giger's complaint and is expressly incorporated herein. Moreover, Dr. Giger alleges that Mr. Ahmann told "Giger that Defendant Lange was one of only twelve people in the country who could sell this type of investment. . . ." (*See* Compl. ¶ 31.)

25. Taking the allegations in Dr. Giger's complaint as true, as a disclosed agent of A & O Resource Management, Ltd., Mr. Lange is an intended third-party beneficiary of the arbitration agreement or is otherwise in privity with Houston Tanglewood Partners, LLC through its alleged alter ego A & O Resource Management, Ltd.

26. Dr. Giger also alleges that Mr. Ahmann told him that "he [Mr. Lange] was Ahmann's 'partner.'" (*See* Compl. ¶ 31.) Taking the allegations in Dr. Giger's complaint as true, Mr. Lange did not sign the A & O Life Settlement Qualified Money Agreement in his personal capacity, but as Mr. Ahmann's partner and an agent of A & O. As Mr. Lange's alleged partner, Mr. Ahmann is an intended third-party beneficiary or is otherwise in privity with Mr. Lange, Houston Tanglewood Partners, LLC and the A & O Defendants named herein.

27. The claims against Mr. Ahmann are based on the same operative facts and are inseparable from the claims against the A & O Defendants and the arbitration proceedings contemplated by the "Server", "Frater" and "Boseker" life settlements would be rendered meaningless, and the federal policy in favor of arbitration effectively thwarted if Dr. Giger could avoid his contractual obligations simply by naming additional defendants.

28. Mr. Ahmann is a party aggrieved by Dr. Giger's failure, neglect and refusal to arbitrate under a written arbitration agreement.

29. By filing his complaint in the Northern District of Illinois, Dr. Giger has failed and/or neglected to submit his claims to arbitration as required by the parties' written agreements.

30.    Pursuant to the arbitration agreements, on August 27, 2010, Mr. Ahmann made a written demand that Dr. Giger dismiss his complaint and submit his claims to arbitration in Houston, Harris County, Texas, in accordance with the Commercial Arbitration Rules of the American Arbitration Association.  Dr. Giger has refused Mr. Ahmann's demand.

### Prayer for Relief

Wherefore, Mr. Ahmann prays for declaratory judgment against Charles C. Giger, and entry of an order compelling Dr. Giger to submit his claims to arbitration in Houston, Harris County, Texas, in accordance with the Commercial Arbitration Rules of the American Arbitration Association and as otherwise provided for in the arbitration agreements.

Respectfully submitted,

By:___ /s/ Robert D. Brown_____

Michael C. Bruck (Ill. ARDC No. 6199276)
Anders J. Watson (Ill. ARDC No. 6294043)
233 South Wacker Drive, Suite 6100
Chicago, Illinois  60606
312-443-3200
Fax: 312-630-8500

Robert D. Brown, SBN: 03164715
Fed. ID No. 12854
Jeffrey B. Haas, SBN: 24033804
3200 Southwest Freeway, Suite 2300
Houston, Texas 77027-7525
713-877-1112
Fax: 713-877-1138

ATTORNEYS IN CHARGE FOR PLAINTIFF
JAMES AHMANN

OF COUNSEL:
WILLIAMS MONTGOMERY & JOHN LTD.
233 South Wacker Drive, Suite 6100
Chicago, Illinois  60606
312-443-3200
Fax: 312-630-8500

*Pro Hac Vice Admission Pending*

DONATO, MINX, BROWN & POOL, P.C.
3200 Southwest Freeway, Suite 2300
Houston, Texas 77027-7525
713-877-1112
Fax: 713-877-1138

*Local Counsel*