UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DR. CHARLES GIGER, | ) |
| | ) |
| Plaintiff, | ) No. 09 CV 4060 |
| v. | ) |
| | ) Judge Joan B. Gottschall |
| JAMES AHMANN et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION & ORDER

Plaintiff Dr. Charles Giger filed this lawsuit under federal securities law seeking damages from defendants A&O Resource Management, Ltd. and A&O Life Fund, LLC (collectively, "A&O"), James Ahmann, Gary Lange, JW Cole Financial, Inc., and Adley Wahab. Giger alleges that Ahmann and Lange fraudulently induced him to enter into an investment scheme with A&O. Giger signed a contract with Houston Tanglewood Partners, LLC ("Houston Tanglewood"), an entity controlled by A&O, and agreed to invest close to $1 million. Giger and Ahmann are also in the midst of a FINRA arbitration involving a second investment by Giger in a separate entity, also controlled by A&O. The facts of this dispute are more fully laid out in the court's previous opinion. *See Giger v. Ahmann*, No. 09 CV 4060, 2010 WL 2491025 (N.D. Ill. June 15, 2010). Defendant Ahmann has now moved to stay this litigation under the Federal Arbitration Act, 9 U.S.C. § 3, while Ahmann seeks to compel arbitration of Giger's claims in the United States District Court for the Southern District of Texas. (Doc. 59.)

### I. PROCEDURAL BACKGROUND

Giger filed his complaint on July 7, 2009. (Doc. 1.) Ahmann was served, and his counsel filed an appearance on November 2, 2009. (Docs. 15, 16.) Ahmann filed his answer on

November 16, 2009. (Doc. 24.) On April 9, 2010, the parties filed an agreed preliminary discovery schedule which called for written discovery to be completed by April 30 and party depositions by July 1. (Doc. 36.) The court adopted the parties' schedule. (Doc. 37.) On May 6, 2010, defendant JW Cole moved to dismiss. (Doc. 38.) Ahmann obtained new counsel who sought to join JW Cole's motion, and the court agreed to stay depositions while it considered the motion. (Doc. 44.) The court denied the motion to dismiss (Doc. 50), and, at a status hearing on July 13, 2010, the court adopted a new discovery schedule which provided for close of fact discovery by November 11, 2010. (Doc. 51.) Counsel for Ahmann agreed to the new schedule. (*See* Reply, Doc. 65 Ex. B at 4.)

In late July, the parties had a dispute about the timing and scope of depositions. Ahmann insisted that his deposition ought to be limited to questions concerning the first investment—the second investment was the topic of a separate arbitration for which the parties had no ability to take depositions. On August 2, 2010, Ahmann sought a protective order from the court limiting the scope of his deposition. (Doc. 52.) At a hearing on the motion, the parties informed the court that Ahmann's deposition was scheduled for August 30, 2010, and Giger's deposition would be taken soon thereafter. As a result, the court agreed to decide Ahmann's motion on an expedited schedule, so the depositions could go forward as planned. The parties received the court's opinion denying the motion on August 24, 2010. (Doc. 58.)

The depositions did not go forward. On August 27, 2010, Ahmann served on Giger's counsel a demand for arbitration asking that Giger dismiss this action and submit to binding arbitration in Houston, Texas. (Mot., Doc. 59 Ex. B.) Ahmann then filed a separate action in the Southern District of Texas seeking to compel arbitration pursuant to § 4 of the FAA (*see* Case No. 10-cv-3167), and filed his motion pursuant to § 3 of the FAA to stay these proceedings. The

2

contract between Giger and Houston Tanglewood contains an arbitration provision which calls for arbitration in Houston, Texas.[1]

## II. ANALYSIS

The FAA provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under any agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3. This provision directs the court to make two findings before staying an action. First, the issue involved in the suit must be one referable to arbitration under a written agreement. Second, the moving party must not be in default in proceeding with arbitration.

The parties dispute whether the issues involved in this case are referable to arbitration; the contract containing the arbitration clause is between Giger and Houston Tanglewood which is not a party to this suit. Because the court finds that Ahmann is in default in proceeding with arbitration, it need not resolve this first issue.

The term "default" in § 3 "is used to signify that a party has waived its arbitration right by acting inconsistently with that right." *Morrie Mages & Shirlee Mages Foundation v. Thrifty Corp.*, 916 F.2d 402, 404 (7th Cir. 1990), *abrogated on other grounds by IDS Life Ins. Co. v. SunAmerica, Inc.*, 103 F.3d 524 (7th Cir. 1996); *accord In re Mercury Constr. Corp.*, 656 F.2d 933, 939-40 (4th Cir. 1981). "[A]n election to proceed before a nonarbitral tribunal for the resolution of a contractual dispute is a presumptive waiver of the right to arbitrate." *Cabinetree of Wis., Inc. v. Kraftmaid Cabinetry, Inc.*, 50 F.3d 388, 390 (7th Cir. 1995). In *Cabintree*, the

---

[1] The parties dispute whether the provision actually mandates arbitration only in Texas, but the court need not resolve this dispute for the purposes of this opinion.

3

Seventh Circuit affirmed a district court's denial of a motion to stay under § 3. According to the court, the defendant had invoked the judicial process by proceeding with the litigation for nine months. Discovery had begun, and a trial date had been set. *Id.* at 391. In this case, a simple review of the docket illustrates that Ahmann has invoked the judicial process, by participating in discovery, by filing and joining in substantive motions, and by waiting ten months before asserting a right to arbitration.

The presumption of waiver can be rebutted where a party shows that there was uncertainty about the right to arbitrate or some unexpected development during discovery makes it apparent that the waiver should be rescinded. *Iowa Grain Co. v. Brown*, 171 F.3d 504, 509-10 (7th Cir. 1999). Ahmann argues that Giger has prevented him from promptly discovering his right to arbitration by "artful pleading," *i.e.* by not naming Houston Tanglewood as a defendant and thus "conceal[ing] the true nature of his claims." (Reply at 13.) The court rejects this argument because Giger attaches to his complaint the contract with Houston Tanglewood which contains the arbitration agreement. Ahmann also argues that Giger has used this proceeding opportunistically to gain discovery that was not available in the separate FINRA arbitration concerning the second investment. Even if Ahmann is correct, it is not clear to the court why Giger's opportunistic behavior should excuse Ahmann's decision to move forward in this proceeding for ten months. The rationale behind the Seventh Circuit's presumption of waiver is to economize judicial resources and to prevent parties from testing their case in federal court and then seeking a new forum once it becomes clear that the court is not favorably disposed to the party's arguments. Both of these purposes would be thwarted by allowing Ahmann to stay these proceedings. This court has already invested considerable resources in this case by issuing

4

opinions on two substantive motions. Although Ahmann may disagree with the disposition of both motions, he should not now be permitted to have a fresh start in arbitration.

Ahmann argues that the court may not decide the issue of waiver because § 3 of the FAA, unlike § 4, contains no provision for conducting preliminary trials on the question of arbitrability. According to this logic, only the court in Houston can resolve the dispute, and this court must stay the proceedings and await action on Ahmann's separate suit to compel arbitration.[2] This argument makes little sense in light of the Seventh Circuit's decision in *Cabintree*. *Cabintree* also involved only a motion under § 3. The Seventh Circuit explained that, in most cases, a defendant will never move to compel arbitration because a motion to stay "will stymie the plaintiff's effort to obtain relief unless he agrees to arbitrate." 50 F.3d at 389. If § 3 left a court powerless to consider whether a defendant waived its right to arbitrate, defendants would have free reign to waive arbitration and then seek indefinite stays of litigation.

Ahmann distinguishes *Cabintree* on the ground that, in that case, there was no separate suit to compel arbitration. According to Ahmann, denying a stay in this case will only waste judicial resources and multiply the proceedings because Ahmann will be able to immediately appeal a denial of his motion. From the court's perspective, it is Ahmann and not the court who is multiplying the proceedings.

Even if the court should deny the stay under § 3, Ahmann argues that he is entitled to a stay under the principles of parallel-proceeding abstention. (Reply at 10.) Of course, whether abstention is appropriate is a matter of discretion. *IDS Life Ins. Co. v. SunAmerica, Inc.*, 103 F.3d 524, 530 (7th Cir. 1996). Ahmann makes no convincing argument that this court should defer to the Southern District of Texas to determine whether Ahmann waived his right to

---

[2]  Ahmann was required to go to Houston to compel arbitration because, if in fact the arbitration agreement contains a valid forum selection clause, this court has no jurisdiction to compel arbitration. *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Lauer*, 49 F.3d 323, 327-28 (7th Cir. 1995).

5

arbitration in this proceeding. It should be plain that this court is best positioned to make such a determination.

After Ahmann filed his motion to stay, Giger filed his own motion to compel Ahmann's deposition. (Doc. 61.) Now that the court denies Ahmann's motion, the final obstacle to completing discovery in this case should be removed. The court denies Giger's motion without prejudice to being renewed should Ahmann continue to resist reasonable discovery requests.

### III. CONCLUSION

For the reasons stated above, Ahmann's motion to stay is denied, and Giger's motion to compel is denied without prejudice.

ENTER:

       /s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: October 12, 2010